# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| AMERICAN CIVIL LIBERTIES UNION OF NEVADA et al., | ) ) ) | |
| Plaintiffs, | ) ) | 3:13-cv-00189-RCJ-VPC |
| vs. | ) ) | |
| U.S. GENERAL SERVICES ADMINISTRATION et al., | ) ) ) | **ORDER** |
| Defendants. | ) ) | |

This case arises out of Plaintiffs' desire to assemble in front of the Bruce R. Thompson Federal Building (the "BRT") in Reno, Nevada. Pending before the Court is a Motion to Dismiss (ECF No. 6) and a Motion for Leave to Amend (ECF No. 11). For the reasons given herein, the Court grants the motion to dismiss, with leave to amend, but denies the motion to amend itself because the proposed first amended complaint attached thereto would not cure the deficiencies in the Complaint.

## I.     FACTS AND PROCEDURAL HISTORY

According to Plaintiffs Erik Holland, Robert Tregilus, and the American Civil Liberties Union of Nevada ("ACLU") on their behalf, the U.S. General Services Administration's ("GSA") policy of requiring a permit before demonstrating in front of the BRT is unconstitutional under the First Amendment to the U.S. Constitution. The BRT occupies a full

city block in downtown Reno, Nevada bordered by Liberty, Center, Stewart, and Virginia Streets on the north, east, south, and west, respectively. (*See* Compl. ¶¶ 15, 18 & Ex. 1, Apr. 16, 2013, ECF No. 1).  Plaintiffs have demonstrated in front of the BRT in the past and wish to demonstrate there again in the future. (*Id.* ¶ 20).  However, GSA requires each demonstrator to fill out an "Application/Permit for Use of Space in Public Buildings and Grounds," GSA Form 3453, in order to protest in front of the BRT, upon pain of fine or imprisonment. (*See id.* ¶¶ 16, 30).  Materials provided to Plaintiffs by the GSA indicate that a permit is required for the "approved area" on the sidewalks along Virginia, Liberty, and Center Streets. (*Id.* ¶ 18).  The materials indicate that no permit is required for the sidewalk along Stewart Street. (*Id.*).  Also, one of the conditions for obtaining a permit is to ensure that one will not engage in partisan political activity or fund-raising at the assembly at the BRT. (*Id.* ¶ 17).

      Plaintiffs sued the GSA and three of its employees in this Court under 42 U.S.C. § 1983 or § 706 of the Administrative Procedures Act ("APA"), alleging that the permitting requirement is constitutionally invalid.  Defendants have moved to dismiss.  Plaintiffs have asked to file a proposed first amended complaint.

## II.    LEGAL STANDARDS

      Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted.  A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation plausible, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").  In other words, under the modern interpretation of Rule 8(a), a plaintiff must not only specify a cognizable legal theory (*Conley* review), but also must plead the facts of his own case so that the court can determine whether the plaintiff has any plausible basis for relief under the legal theory he has specified, assuming the facts are as he alleges (*Twombly-Iqbal* review).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.  However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted).  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay*

*Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

## III.   ANALYSIS

The Complaint appears to rest jurisdiction upon either § 1983 or the APA.  The Court grants the motion to dismiss because no claim is stated under the former and there is as of yet no jurisdiction under the latter.

First, Plaintiffs do not allege state action under § 1983.  They allege action only by federal officials and agencies to whom § 1983 does not apply.  The Supreme Court has never applied *Bivens* to First Amendment claims, *see Reichle v. Howards*, 132 S. Ct. 2088, 2093 & n.4 (2012), and the Court of Appeals has held that because the APA provides an adequate remedy in the present context, *Bivens* does not apply, *see W. Radio Servs. Co. v. U.S. Forest Serv.*, 578 F.3d 1116, 1125 (9th Cir. 2009).

Second, Plaintiffs do not allege having had any application to protest refused or having been penalized in any way for protesting without an application such that review under § 706 of the APA is ripe.  There is simply no final agency decision to review.  Plaintiffs allege no unlawful or unreasonable delay in any agency decision giving rise to jurisdiction under § 706(1), *see Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO v. Nat'l Mediation Bd.*, 425 F.2d 527, 535 & n.3 (D.C. Cir. 1970), but only a prospective fear that a future agency action will be unconstitutional.  Insofar as the Complaint merely seeks an *in vacuo* declaration that the GSA's alleged characterization of the public sidewalks surrounding the BRT constitute "nonpublic thoroughfares," (*see* Compl. 2:4–12), Plaintiffs seek an advisory opinion that this Court has no jurisdiction to issue. *See, e.g.*, *Coffman v. Breeze Corp.*, 323 U.S. 316, 324 (1945) (collecting cases).

1    The Court expresses no opinion as to whether the GSA's alleged characterization of the
2 disputed forum is legally correct, because no live case or controversy is currently alleged
3 requiring such an analysis.  The "chilling effect" doctrine does not create a live controversy in the
4 present case, though it presumably would in a similar case against a state actor under § 1983, *see,*
5 *e.g.*, *ALCU of Nev. v. Heller*, 44 Fed. Appx. 767 (9th Cir. July 30, 2002), because jurisdiction
6 simply does not arise against a federal agency under the APA until there has been final or
7 unreasonably delayed agency action.  Plaintiffs do no allege having been held subject to final
8 agency action or that they have been awaiting a decision for an unreasonable amount of time.
9 Nor need the Court examine Defendants' arguments that Plaintiffs perceive content-based
10 regulations that do not exist, because the anti-partisan-activity condition applies only to the
11 interior of the building by its own terms, and that the regulations that do exist are mandated by
12 the Code of Federal Regulations.
13    Finally, the proposed first amended complaint would not cure the deficiency.  The Court
14 therefore denies the pending motion to amend.  However, the Court will give Plaintiffs leave to
15 amend in order to state a live case or controversy under the APA or otherwise.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 6) is GRANTED, with leave to amend.

IT IS FURTHER ORDERED that the Motion for Leave to Amend (ECF No. 11) is DENIED.

IT IS SO ORDERED.

Dated this 10th day of January, 2014.

_____
ROBERT C. JONES
United States District Judge